**DICHTER LAW LLC**
**ATTORNEYS AT LAW**
**483 CHERRY STREET**
**SUITE 100**
**BEDFORD HILLS, N.Y. 10507**

TELEPHONE: (212) 593-4202
FAX: (212) 994-5394
Website: www.dichterlaw.com

JOEL R. DICHTER
Dichter@dichterlaw.com

February 21, 2025

Hon. Dale E. Ho
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Room 905
New York, NY 10007

Re: Psychic Readers Network, Inc. v.
A&E Television Networks, LLC, et al.
Case No. 24-CV-08155 (DEH)

Your Honor:

This law firm represents the Plaintiff, Psychic Readers Network, Inc. in the above-referenced proceeding. This letter responds to Defendants' correspondence of February 14, 2025 on the issue of whether discovery should be stayed during the pendency of Defendants' motion to dismiss. (See ECF 33-Order of Court). The Federal Rules of Civil Procedure do not provide for a stay of discovery during pendency of a Motion to Dismiss. "The Federal Rules of Civil Procedure do not automatically call for a stay of discovery when a motion to dismiss is filed, and 'discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'" Hong Leong Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Rather, the Court has discretion. The burden is on the moving party to show good cause. Sharma v. Open Door NY Home Care Servs., Inc., 345 F.R.D. 565, 567–68 (E.D.N.Y. 2024). The court looks to the merits of the motion, the burden of discovery and prejudice from the stay. Sharma, id. Here, as shown below, the motion to dismiss lacks merit in that there is no denying the Defendants created a film based entirely upon Plaintiff's copyrighted character. Plaintiff wishes to conduct discovery at this time to obtain the data necessary to determine the revenues arising from the infringement in order to engage in meaningful settlement discussions which promotes the benefits of a negotiated resolution for all parties and the judicial economy for the Court.

The motion to dismiss asserts heightened pleading standards that do not exist and improperly requests the Court to make findings of fact. The Complaint sets forth the facts and

law upon which the primary claims for copyright and trademark infringement rest. To establish a claim of copyright infringement, the Plaintiff need only show "(1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work." Jorgenson v. Epic/Sony Records, 351 F.3d 46, 51 (2nd Cir. 2003). The allegations of the Complaint are more than sufficient to satisfy the pleading standard. Defendants do not deny that Plaintiff owns copyrights of audiovisual works, a book and tarot cards that feature the Miss Cleo character (Complaint ⁋⁋12-13). The character within works is protected under copyright law. Walt Disney Prods. v. Air Pirates, 581 F.2d 751 (9th Cir. 1978); Anderson v. Stallone, 1989 US Dist. Lexis 11107, 1989 WL 206438 (CD CA 1989- holding Rocky character protected.) They cannot deny that the entire premise and story line for the infringing work is the Miss Cleo character. The Complaint identifies the film as the infringing work and that it was published through its premiere on Defendant's A&E's Lifetime channel (Complaint ⁋15). It is available on streaming networks, such as Hulu. The substantial similarity is a given when the film is based upon Plaintiff's Miss Cleo character and the complaint alleges Defendants copied the character's dress, voice, catch phrases and recreated the television commercials, to recreate the Miss Cleo character for the Film (Complaint ⁋17). The Court can compare the poster attached to Defendant Counsel's declaration as Exhibit F with the cover of the book of the tarot cards attached to the Declaration as Exhibit C to see the striking similarity.( Sholder Decl. Doc 28).

To show trademark infringement, the Lanham Act requires the Plaintiff to have a valid registration and show use of a similar mark that is likely to cause confusion, false designation or dilution of the Mark. Christian Loubotain SA v Yves St. Laurent Holdings, 696 F. 3d 206 (2 Cir. 2012). Here, Plaintiff 's subsidiary has a registered Mark (USPTO Reg. 7,638,769 with a date of first use in commerce of July 3,2000. The Mark is not just used in the title of the Film by Defendants (Rogers does not protect title v. title disputes), but in all promotional materials, including a trailer and poster; thereby falling far outside the Rogers case (Complaint ⁋⁋22, 34). The Plaintiff neither was contacted in advance, nor gave consent for the use or recreation of its copyrighted works or trademark for Miss Cleo. The allegations of the Complaint as to trademark infringement are sufficiently pled to satisfy Rule 8 (Complaint ⁋36).

The defamation claims and state law claims equally comply with the notice requirements of Rule 8. They delineate facts applied to the law to give notice of the claim. A corporation has clear standing to bring a cause of action for defamation for harm to the company through the defamation of the company and its officers. EI Meson Espanol v. NYM Corp., 389 F. Supp 357 (SDNY 1974).

Under these circumstances, the motion to dismiss lacks merit and Defendants have failed to show good cause to stay discovery. The motions are an attempt by Defendants to shield themselves from relevant and admissible discovery. Discovery at this stage will enhance both parties' ability to gather the information necessary to support settlement discussions while adhering to the schedule set forth in the Case Management Plan. Accordingly, we respectfully request the Court to deny the request to stay discovery.

Respectfully submitted

By: ________________________________

Joel R. Dichter, Esq.

JRD:td