CDAS

SCOTT J. SHOLDER
Partner
(212) 497-0934
ssholder@cdas.com

February 25, 2025

**VIA ECF**
The Honorable Dale E. Ho, U.S.D.J.
U.S. District Court, Southern District of New York

**Re: *Psychic Readers Network, Inc. v. A&E Television Networks LLC, et al.*, 1:24-cv-08155**

Dear Judge Ho:

We write in further support of Defendants' motion to stay discovery ("Discovery Motion", ECF 35), which should be granted as Plaintiff offers no valid reason why discovery should proceed.[1]

In its over-length letter ("Opposition", ECF 26), Plaintiff does not argue it would be prejudiced by a stay of discovery and only claims discovery is necessary to obtain information about Defendants' revenues "to engage in meaningful settlement discussion." (Opp. at 1.) This is not a valid rationale to compel discovery and does not suggest prejudice. It also assumes Defendants are interested in settlement—they are not, at this time, as indicated in ECF 34—but in any event, a stay would not prevent the parties from informally exchanging information for settlement purposes.

Plaintiff then tries to argue that the MTD is meritless, and discovery should not be stayed. As a threshold matter, this letter exchange was not intended as a preview of the parties' merits arguments, and Plaintiff's attempt to back-door its substantive points in this procedural dispute is in bad faith. Having opened the door, however, Defendants are duty-bound to respond. In support of its position, Plaintiff claims—for the first time—that the Film is inherently infringing because it is based on Plaintiff's Miss Cleo's character which is supposedly portrayed in the works Plaintiff claims were infringed. But Plaintiff's argument is fundamentally flawed because Plaintiff **does not** have a copyright registration for the Miss Cleo character or her "dress, voice, [and] catch phrases" and therefore cannot bring a claim for copyright infringement over such works. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 308 (2019); Opp. at 2. This is not some made-up heightened pleading standard as Plaintiff claims; it is a threshold requirement to bringing a copyright infringement lawsuit according to the Supreme Court. Additionally, Plaintiff argues its Lanham Act claim should survive because of Defendants' use of the word "Miss Cleo"—which is the critical part of the Film's title—in its promotional and advertising materials, but such claims are noticeably absent from the Complaint. Even so, the *Rogers* test applies outside title disputes and covers situations involving promotional materials as well. *See Twentieth Century Fox Television v. Empire Dist., Inc.*, 875 F.3d 1192, 1197–98 (9th Cir. 2017). And, in making this argument, Plaintiff ignores that its Lanham Act claim fails as a matter of law since it did not have a registered trademark when it brough a claim under 15 U.S.C. § 1114.

Plaintiff's state-law claims also fail for the reasons set forth in Defendants' motion to dismiss, and Plaintiff ignores that they are, as a threshold matter, preempted by the Copyright Act.

Defendants have satisfied their burden of showing that discovery should be stayed. Plaintiff has offered nothing to show that the *relevant* considerations for a discovery stay have not been met.

---

[1] All capitalized yet undefined terms have the meanings ascribed to them in the Discovery Motion.

Respectfully submitted,

**COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP**

By: /s/ Scott J. Sholder
Scott J. Sholder, Esq.
CeCe M. Cole. Esq.
60 Broad Street, 30th Floor
New York, New York 10004
Tel.: (212) 974-7474
Fax: (212) 974-8474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Defendants A&E Television Networks, LLC and Hillionaire Productions, LLC*