UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Psychic Readers Network, Inc., <br>       Plaintiff, <br><br>     v. <br><br> A&E Television Networks LLC, et al., <br>       Defendants. | 24-CV-8155 (DEH) <br><br> <u>MEMORANDUM ORDER</u> |

DALE E. HO, United States District Judge:

  Currently before the Court is Defendants A&E Television Networks LLC and Hillionaire Productions LLC's Motion to Stay Discovery, ECF No. 35, pending resolution of their motion to dismiss, ECF No. 26. Plaintiff Psychic Readers Network, Inc. ("PRN") alleges that Defendants infringed its copyright on the "Miss Cleo" character when they shot and distributed a made-for-television film about her life. *See* Complaint ¶¶ 15-32, ECF No. 1. PRN also brings trademark infringement, unjust enrichment, and defamation claims against Defendants, as well as a claim under the New York Unfair Competition Law. *See id.* ¶¶ 34-53. Defendants answered the Complaint by filing a motion to dismiss, arguing, *inter alia*, that "PRN does not have copyright registrations for most of the works it claims were infringed," PRN "did not" "have a registered trademark [for Miss Cleo] at the time of filing" the Complaint, "Defendants' use of the name 'Miss Cleo' in the Film's title" does not run afoul of unfair use laws, and PRN "does not have standing to bring a defamation claim on behalf of its corporate officer," as it does in the Complaint. Defs.' Mem. of L. in Supp. of Mot. to Dismiss at 2, ECF No. 27.

  Before the motion to dismiss was fully briefed, Defendants filed the pending Motion. ECF No. 35. PRN opposed Defendants' request to stay discovery. *See* Letter Resp., ECF No. 36. After the motion to dismiss was fully briefed, Defendants filed a letter that, *inter alia*, "request[ed]

guidance from the Court concerning the Stay Motion," Apr. 24, 2025 Letter Mot., ECF No. 41, in response to which PRN again stated its opposition to Defendants' Motion, *see* April 27, 2025 Letter Resp., ECF No. 42.

"Although, in general, a motion to dismiss does not automatically stay discovery, upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Federal Rule of Civil Procedure] 26(c)." *Broccoli v. Ashworth*, No. 21 Civ. 6931, 2023 WL 6795232, at *1 (S.D.N.Y. Oct. 11, 2023) (quoting *K.A. v. City of New York*, No. 16 Civ. 4936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022)). "The party seeking the stay—here, defendants—must establish good cause for the stay." *K.A.*, 2022 WL 3996710, at *2. "In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Id.*

After closely reviewing the parties' submissions, the Court holds that a stay of discovery is warranted here. "Plaintiff collectively served 118 document requests on Defendants, proving that discovery is already and will continue to be voluminous and expensive." Apr. 24, 2025 Letter Mot. While Plaintiff notes that "discovery is proceeding per the Court's schedule with few hiccups," Apr. 27, 2025 Letter Resp., Plaintiff does not dispute that the discovery it seeks—including "Defendants' 'gross revenues . . . from the film, including but not limited to from the production, distribution, licensing and online sales' as well as all of Defendants' agreements (to the extent they exist) 'related to any claim of rights to utilize the Miss Cleo character in the Film,'" Motion to Stay Discovery at 2—is quite substantial and that responding to the requests will require a significant expenditure of time and energy on Defendants' part. Given the burden on Defendants in responding to Plaintiff's discovery requests, the Court finds it prudent to defer the rest of discovery until the pending motion to dismiss is adjudicated.

Moreover, having reviewed the aforementioned motion to dismiss but without taking any position as to the merits of that motion, it is clear to the Court that "the resolution of the pending motion to dismiss may dispose of the entire action." *Broccoli*, 2023 WL 6795232, at *2 (quoting *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22 Civ. 377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022). As explained *supra* in the first paragraph of this Order, "[t]he motion to dismiss raises several potentially viable defenses to the Complaint." *Negrete v. Citibank N.A.*, No. 15 Civ. 7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). These arguments "are at least sufficient to establish that the Defendants have 'substantial arguments for dismissal of many, if not all, of the claims asserted." *Id.* (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).

Finally, neither in response to Defendants' pending Motion nor in response to Defendants' follow-up letter does Plaintiff identify any prejudice it would suffer if this Motion is granted. In both filings, Plaintiff devotes significant attention to the purported lack of merit of Defendants' motion to dismiss. But as stated above, in resolving a motion to stay discovery, the Court's focus is on whether the defendant makes "a strong showing that the [plaintiff's] claim[s are] unmeritorious" and "present[s] substantial arguments for dismissal," *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (citations omitted), not whether the arguments will ultimately be successful. In sum, Plaintiff has not explained how or why staying discovery would prejudice it, and any such prejudice—beyond the reasonable delay typical in cases where discovery has been stayed pending resolution of a motion to dismiss—is not readily apparent to the Court.

Therefore, for the reasons discussed above, Defendants' Motion to Stay Discovery is **GRANTED**. Discovery in this matter shall be stayed pending the Court's resolution of Defendants' motion to dismiss. The Clerk of Court is respectfully directed to terminate ECF Nos. 35 & 41.

SO ORDERED.

Dated: May 13, 2025
       New York, New York

_____
DALE E. HO
United States District Judge

4