UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PSYCHIC READERS NETWORK, INC., <br> Plaintiff, <br> v. <br> A&E TELEVISION NETWORKS, LLC et al., <br> Defendants. | 24 Civ. 8155 (DEH) <br><br> **OPINION** <br> **AND ORDER** |

DALE E. HO, United States District Judge:

"*Call me now!*" So ordered Miss Cleo, a television psychic who, in the late 1990s, offered purported spiritual guidance via a pay-per-minute telephone hotline. Last autumn, Hillionaire Productions LLC and A&E Television Networks, LLC (collectively, "Defendants") produced and aired, respectively, a biopic about Miss Cleo's life. Plaintiff Psychic Readers Network ("PRN") subsequently filed this lawsuit. PRN claims it created the Miss Cleo persona and that it holds several copyrights and trademarks associated with the Miss Cleo character. It accuses Defendants of, *inter alia*, copyright infringement, trademark infringement, and unjust enrichment based on the biopic's script and imagery.

Currently before the Court is Defendants' Motion to Dismiss brought pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.[1] ECF No. 26. Having closely reviewed the parties' papers and submissions,[2] the Court holds that Defendants' Motion is **GRANTED**.

---

[1] All subsequent references to Rules are to the Federal Rules of Civil Procedure.

[2] Defendants submitted, as an exhibit, a physical copy of "Miss Cleo's Tarot Power Deck." Unfortunately, the Court could not divine the proper outcome of this Motion by tarot.

**BACKGROUND**

Unless otherwise specified, the following facts are taken from PRN's Amended Complaint and the documents incorporated by reference therein. See *Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021).³ The Court assumes these facts are true for the purpose of adjudicating this motion to dismiss. *See, e.g.*, *Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 152 (2d Cir. 2013). The Court construes these facts in the light most favorable to PRN as the non-moving party. *See id.*

PRN began offering psychic readings over the telephone in the 1990s. Compl. ¶ 7, ECF No. 1. Later that decade, PRN selected Youree Dell Harris, one of its telephone "psychic advisors," to serve as its spokesperson. *See id.* ¶ 8. Harris performed her spokesperson duties in character as "Miss Cleo," *id.* ¶ 8, a spirited "clairvoyant" who purported to use tarot cards to predict callers' futures. PRN "created the Miss Cleo persona," *id.*, which "became famous" based on PRN's extensive advertising efforts, *id.* ¶¶ 10, 9.

Capitalizing on Miss Cleo's popularity, PRN "created television commercials, infomercials, press relations, campaigns, radio spots, books, tarot cards and numerous other materials all featuring the Miss Cleo character [to] promot[e] its psychic services and products." *Id.* ¶ 9. It holds copyrights on several Miss Cleo-branded items, including a tarot deck, book, and videocassette. *See* ECF No. 1-1 (copyright registrations for tarot deck and book); ECF No. 1-2 (assignment of tarot deck and book copyrights to PRN); ECF No. 1-3 (PRN's copyright registration for videocassette); *see also* Compl. ¶ 8. Moreover, a PRN subsidiary "applied for registration of the mark 'Miss Cleo' with the United States Patent and Trademark Office," and the subsidiary subsequently "assigned all rights to the 'Miss Cleo' Mark to PRN." Compl. ¶ 14. The

---

³ In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

Court notes, however, that PRN did not purport to possess a registered trademark for Miss Cleo at the time it filed its Complaint, only an application for the mark. *See id.*

PRN filed this suit after "Defendants produced and began distributing the film 'Miss Cleo: Her Rise and Fall.'" *Id.* ¶ 15. PRN alleges that "Miss Cleo: Her Rise and Fall" ("the biopic") "freely copies and recreates [its] copyrighted materials, including, but not limited to, use of the look and feel of Plaintiff's television commercials including the Miss Cleo character's appearance, dress and tag lines such as 'Call Me Now.'" *Id.* ¶ 17. Defendants did not receive permission from PRN to include the Miss Cleo character in the biopic. *See id.* ¶ 18; *see also id.* ¶ 22. Moreover, PRN avers that the biopic is "replete with false statements and inaccuracies," *id.* ¶ 19, including a "false portrayal of an officer of PRN as a drunken, ruthless Wall Street CEO," *id.* ¶ 21. It brings federal copyright and trademark infringement claims against Defendants. *Id.* ¶¶ 25-39. PRN also raises three claims under New York law—for deceptive and unfair trade practices, *id.* ¶¶ 40-43, for unjust enrichment, *id.* ¶¶ 44-46, and for defamation, *id.* ¶¶ 47-53.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In assessing the complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor." *Id.* at 106-07. However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

The Court first considers PRN's federal claims—those sounding in (I) copyright infringement and (II) trademark infringement. Then, in Section III, the Court then discusses PRN's state law claims.

## I. Copyright Infringement

PRN brings its copyright infringement claims against Defendants pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*. "To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). But before reaching the merits of PRN's copyright infringement claim—that is, whether the biopic infringes on PRN's copyright(s)—the Court must first determine which of PRN's copyrights are at issue.

The Complaint accuses Defendants of "infring[ing] Plaintiff's copyrights in Plaintiff's Miss Cleo Creatives . . . ." Compl. ¶ 26. It defines the "Miss Cleo Creatives" as "television commercials, infomercials, press relations, campaigns, radio spots, books, tarot cards and numerous other materials all featuring the Miss Cleo character, portrayed by Ms. Harris, promoting its psychic service and products." *Id.* ¶ 9. But there are only three copyright registrations appended to the Complaint: one for a tarot deck, one for a book, and one for a videocassette. *See* ECF No. 1-1 (copyrights for tarot deck and book); ECF No. 1-2 (assignment of tarot deck and book copyrights to PRN); ECF No. 1-3 (PRN's copyright of videocassette). Defendants thus argue that, "as a matter of law, Plaintiff can only claim copyright infringement" for those three copyrights (the aforementioned tarot deck, book and video). Defs.' Mem. L. Supp. Mot. to Dismiss ("Defs.' Mem.") at 4, ECF No. 27. PRN's Opposition brief does not exactly refute this point. Instead, it states that "PRN is the holder of eleven (11) registered copyrights for Miss Cleo Creatives," maintains that "the Complaint identified the registered copyrights," and offers that it "can easily

4

amend the Complaint to address Defendants' arguments" if the "Court deems more detail to be required at this stage." Pl.'s Mem. of L. Opp'n Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 16-17, ECF No. 38.

"[A] plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred." *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004). Instead, "to meet the requirements of Rule 8(a)," "[c]ourts in the Southern District of New York have held that . . . a complaint must plead with specificity the acts by which a defendant has committed copyright infringement." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 448 (S.D.N.Y. 2014). "Specifically, a plaintiff must allege (1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Id.* at 449.

The only material for which the Complaint adequately alleges (1) the specific works that are the subject of the copyright claim, (2) PRN's ownership of the copyrights for those works, and (3) that the copyrights are registered are the Miss Cleo tarot deck, book, and videocassette. *See* ECF No. 1-1; ECF No. 1-2; ECF No. 1-3. PRN "fails to allege [its] present ownership of the [other] copyrights at issue." *Kelly v. L.L. Cool. J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994). Beyond a bald assertion that it "is the holder of a seven [sic] registered copyright[s] for Miss Cleo Creatives," Compl. ¶ 13, PRN provides this Court with no evidence that it can lawfully pursue copyright infringement claims for anything beyond the three pieces of media for which it supplies registration numbers. Courts in this circuit typically require a plaintiff to do more than simply assert that it is a copyright holder to adequately plead the second and third elements of a copyright infringement claim. *See, e.g., Malibu Media, LLC v. John Does 1-11*, No. 12 Civ. 3810, 2013 WL 3732839, at *3 (S.D.N.Y. July 16, 2013) (holding that complaint satisfied

the third element of a copyright infringement claim where it "alleges that the copyright has been properly registered[] *and* Plaintiff . . . provided evidence of ownership and registration of the copyright" (emphasis added)); *Transcience Corp.*, 50 F. Supp. 3d at 449 (holding plaintiffs adequately pleaded the second and third elements for its the copyright infringement claim when they "state[d] that they [were] owners of all the copyrights" at issue, "specifically identif[ied] each copyright," and "allege[d] that all such copyrights [were] registered with the United States Copyright Office"); *cf. Castro v. Cusack*, No. 15 Civ. 6714, 2016 WL 11543558, at *2 (E.D.N.Y. Mar. 17, 2016) (dismissing complaint and instructing plaintiff that any amended complaint should "include a copy of his copyright registration," "if available," or "facts . . . [showing] he has a valid copyright, though not registered under the copyright statute"). Therefore, PRN's copyright infringement claim in this case may only proceed on the basis of Defendants' alleged infringement of the Miss Cleo tarot deck, book, and videocassette—the three pieces of media for which PRN has established it holds the copyrights and that those copyrights have been registered in accordance with the Copyright Act.[4]

---

[4] As an exhibit to its counsel's declaration in opposition to Defendants' Motion to Dismiss, PRN has attached a chart listing the copyright registration numbers for "the seven (7) copyright registrations of PRN referenced in paragraph 13 of the Complaint in this action." *See* Decl. of Joel R. Ditcher Opp'n Defs.' Mot. to Dismiss ¶ 3, ECF No. 39; ECF No. 39-1. The Court declines to consider this chart (which, it notes, lists eight, not seven, copyrighted titles). "[N]ew facts and allegations, first raised in a Plaintiff's opposition papers, may not be considered in deciding a motion to dismiss." *Logfret, Inc. v. Gerber Finance, Inc.*, 559 F. Supp. 3d 348, 361 (S.D.N.Y. 2021). Rule 8 "requires that the complaint provide defendants with fair notice of the claims against them." *Castro*, 2016 WL 11543558, at *2. It would be patently unfair to force Defendants to defend against infringement claims for additional copyrighted titles it was unaware of until their Motion to Dismiss was two-thirds briefed. Thus, PRN cannot utilize the additional purported copyrighted media in defending against this Motion.

For the same reasons, PRN's claim that Defendants infringed both specific copyrighted media and the Miss Cleo character, *see* Pl.'s Mem. L Opp'n Defs.' Mot. to Dismiss at 9-14, ECF No. 38, is also foreclosed. The Complaint does not allege copyright infringement of the Miss Cleo *character*. PRN cannot raise that argument for the first time in opposition to the Motion to Dismiss because "a plaintiff may not amend [its] complaint through legal arguments raised for the first time in [its] opposition papers," *Whidbee v. Benjamin*, No. 23 Civ. 2371, 2024 WL 1995234, at *4 n.3

Having narrowed the copyrights at issue here to the Miss Cleo tarot deck, book, and videocassette, the only remaining issue is whether PRN has adequately pled "by what acts during what time the defendant infringed the[se] copyright[s]." *Transcience Corp.*, 50 F. Supp. 3d at 449. Even under the most generous reading of the Complaint, PRN fails to meet this requirement. Regarding copyright infringement, the Complaint alleges that "the Film freely copies and recreates Plaintiff's copyrighted materials, including but not limited to, use of the look and feel of Plaintiff's television commercials including the Miss Cleo character's appearance, dress and tag lines such as 'Call Me Now.'" Compl. ¶ 17. It also states that "Defendants have infringed Plaintiff's copyrights in Plaintiff's Miss Cleo Creatives by reproducing, distributing, and making available to the public the infringing 'Miss Cleo: Her Rise and Fall' production without authorization in violation of the Copyright Act." *Id.* ¶ 26. But these statements are not enough to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. "Rule 8 requires that the particular infringing acts be set out with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8." *Kelly*, 145 F.R.D. at 36 n.3. Here, PRN's Complaint—which does not so much as even mention if, when, and where the three copyrighted works appear in the allegedly infringing biopic—cannot stand.[5] PRN's copyright infringement claim is therefore **DISMISSED**.

## II. Trademark Infringement

PRN brings its trademark infringement claim against Defendants pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114. *See* Compl. ¶ 37. Courts evaluate Lanham Act trademark

---

(S.D.N.Y. May 6, 2024). This Court will, therefore, not consider PRN's argument that Defendants' biopic infringed on the Miss Cleo character.

[5] Rule 8 exists so that defendants need not resort to prognostication (e.g., scrying, divination, palmistry, etc.) to defend against claims brought against him. Here, allowing PRN's Complaint to stand would require Defendants to do just that.

infringement claims using a two-prong test. "[T]he plaintiff must show that: (1) the plaintiff owns a valid protectable mark; and (2) defendant's use of a similar mark is likely to cause consumer confusion as to the origin or association of the goods or services." *Vans, Inc. v. MSCHF Product Studio, Inc.*, 88 F.4th 125, 135-36 (2d. Cir. 2023). When a plaintiff provides evidence that its mark is "federally registered," that constitutes "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate . . . ." *Matal v. Tam*, 582 U.S. 218, 225-26 (2017).

Here, the Complaint provides no evidence that PRN "owns a valid protectable mark" in Miss Cleo. As the Court noted *supra*, the Complaint states that one of PRN's subsidiaries had "*applied* for registration of the mark 'Miss Cleo' with the United States Patent and Trademark Office." Compl. ¶ 14 (emphasis added).[6] It does not say that the Miss Cleo mark was registered at the time PRN commenced this case. And, in fact, PRN acknowledges that "the final registration [for the Miss Cleo mark] was issued by the USPTO on January 7, 2025." Pl.'s Opp'n at 18; *see also id.* ("The argument of Defendants that Plaintiff doesn't hold a registered trademark for Miss Cleo *is now* moot." (emphasis added)).

---

[6] The Court notes that Plaintiff attached, as an exhibit to the Complaint, a trademark application for an entirely different Miss Cleo mark. *See* ECF No. 1-4. This Application is dated January 18, 2002, *see id.*, which suggests, at first glance, that PRN's application for the Miss Cleo mark was more than two decades old at the time it filed the Complaint. But as Defendants point out, this application for a Miss Cleo mark was abandoned. *See* Defs.' Opp'n at 8 n.3; Decl. of Scott J. Sholder, ECF No. 28 (attaching, at ECF No. 28-9, the results for trademark searching the application serial number listed in the application attached as an exhibit to PRN's Complaint, ECF No. 1-4). The application for the Miss Cleo mark that was eventually registered to PRN's subsidiary was not filed until September 28, 2023, approximately one year before this suit was filed. *See* Decl. of Scott J. Sholder, ECF No. 28 (attaching, at ECF No. 28-5, the results for trademark searching the application serial number provided at Compl. ¶ 14).

PRN's acknowledgement that it did not hold a valid, protectable registered trademark at the time this case was filed is fatal to its Lanham Act claim. PRN brought its claim pursuant to Section 32(1) of the Act, Compl. ¶ 37, which "protects only registered trademarks," *Fed. Treasury Enter. Sojuzplodoimport v. SPO Spirits Ltd.*, 726 F.3d 62, 72 (2d Cir. 2013). "[O]nly registrants—as statutorily defined—have 'statutory standing' to bring an action under Section 32(1)." *Id.* But PRN was not a "registrant" at the time the case was filed—it was merely the assignee of an applicant.[7] And this lack of standing is not cured by the fact that the Miss Cleo mark was eventually registered because "standing is measured as of the time the suit is brought." *Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992)). PRN's trademark claim must, therefore, be **DISMISSED** for lack of standing. *See Grgurev v. Licul*, 229 F. Supp. 3d 267, 283-85 (S.D.N.Y. 2017) (holding that an entity that has "filed an application" for a mark that has not been registered cannot "sustain a trademark infringement claim pursuant to 15 U.S.C. § 1114(1)").

### III.  State Law Claims

Having held that dismissal is warranted for PRN's federal claims, the Court declines to exercise jurisdiction over PRN's state law claims. *See, e.g.*, *Denny v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage . . . ."). PRN's state law claims are therefore **DISMISSED WITHOUT PREJUDICE**.

---

[7] While accepting as true all facts in the Complaint for purposes of adjudicating Defendants' Motion to Dismiss, the Court notes that PRN does not substantiate its claim that its subsidiary would or "has assigned all rights to the 'Miss Cleo' Mark to PRN." Compl. ¶ 14.

## CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss is **GRANTED**. Because "court[s] should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), PRN may seek leave to amend its complaint in accordance with this Court's Individual Rules within 30 days of the publication of this Opinion and Order. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

The Clerk of Court is respectfully requested to terminate ECF No. 26.

SO ORDERED.

Dated: September 3, 2025

New York, New York

DALE E. HO
United States District Judge