UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
Psychic Readers Network, Inc.,   CASE NO. 24-CV-8155

          Plaintiff,

    v.

A&E Television Networks, LLC and Hillionaire Productions, LLC,

          Defendants.
---------------------------------------------------------X

## MOTION OF PLAINTIFF FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rules 15 of the Federal Rules of Civil Procedure and in accord with the Court's Order of September 3, 2025 (Dkt. 52), Plaintiff Psychic Readers Network by and through his undersigned Counsel, hereby moves for leave to amend the complaint filed in this action pursuant to the Court's Order. In support thereof, Plaintiff states as follows:

### INTRODUCTION

This case was commenced by filing of a complaint (Dkt. 1) on October 28, 2024 and involves the Defendants' production of a movie entitled "Miss Cleo: Her Rise and Fall" (the "Film") that appeared on the A&E-owned Lifetime Channel about the psychic character, Miss Cleo. The Miss Cleo persona promoting Plaintiff's psychic reading services became an iconic character in the early 2000's. The brand, "Miss Cleo", had been established in the consciousness of the public by way of a long, detailed advertising campaign costing the brands' rightful owners and creators, PRN, hundreds of millions of dollars. When Defendants elected to copy outright

the "Miss Cleo" brand they effectively piggy-backed on Miss Cleo's iconic recognition in this country and saved themselves the huge sum of marketing investment and many years of development which was already borne by PRN by producing a film based entirely upon PRN's Miss Cleo Character for which PRN had created a ready-made audience. So famous was the character that it was parodied on late night talk shows such as Leno and Saturday Night Live. The Film, produced by Defendant Hillionaire, promoted and aired on A&E's Lifetime Network, infringes upon Plaintiff's copyrighted television commercials and other works featuring the Miss Cleo character by copying the "treatment, details, scenes, events and characterization." Plaintiff's Miss Cleo Character is itself entitled to copyright protection. Defendants' entire movie is an unauthorized and infringing recreation of the character, Miss Cleo, owned by PRN, including mimicking the character's clothing, voice, mannerisms and catch phrases. Thus, Plaintiff owns valid copyright registrations for works featuring the Miss Cleo Character that Defendants have copied original elements of without consent; thereby, Defendants are infringing upon Plaintiff's copyrights. (Amended Complaint, Introduction).

  The Defendants then moved to dismiss the Complaint on January 24, 2025. Subsequently, the Court issued a Scheduling Order (Dkt.34) and the Parties engaged in several rounds of discovery, including the provision of documents by Plaintiff to Defendants. On May 13, 2025, Defendants' motion to stay discovery pending a decision on its motion to dismiss was granted. (Dkt. 46). Then, on September 3, 2025, the Court issued its decision granting the motion to dismiss. However, the Court stated that leave to amend the complaint shall be freely given and provided that the Plaintiff has thirty (30) days from the Order to file for leave to amend the complaint pursuant to the Court's rules. (Dkt. 52). Plaintiff hereby submits its motion for leave to amend the complaint.

## STANDARD OF REVIEW

Rule 15(a) provides that leave to amend generally should be "freely given when justice so requires,"  A court may deny leave to amend only in cases of " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc". Charter Communications, Inc. v Local Union No. 3, Intl. Bhd. of Elec. Workers, AFL-CIO, 338 F Supp 3d 242, 255 [SDNY 2018].

## ARGUMENT

1. **Plaintiff acted with due diligence and in good faith**

In bringing this motion within the thirty (30) days provided by the Order of the Court to submit an Amended Complaint in accord with the Courts rules, this motion is timely.  Here, this motion is filed with the Amended Complaint and also with the redline to the original complaint as provided in the Court's individual rules.  Further, prior to the Court's Order staying discovery, Plaintiff  diligently pursued the action by fully complying with the Scheduling Order in this case, including submitting rounds of discovery requests to Defendants and supplying written responses and tranches of documents in response to Defendants demands.

 Courts favor amendments to promote decisions on the merits. The Amended Complaint addresses each of the issues raised in the Court's Memorandum and Order granting Defendants motion to dismiss.  First, the Amended Complaint identifies and provides the valid registration certificates issued by the U.S. Copyright Office for ten works properly submitted by PRN or its subsidiaries.  (Amended Complaint (Exs. 1, 2).  The registered works all feature the Miss Cleo

Character that Plaintiff asserts Defendants have infringed upon in the Film, Miss Cleo; Her rise and Fall, that appeared on the Lifetime Channel.

In that regard, the Amended Complaints clearly alleges that the Miss Cleo character is subject to copyright protection and asserts that Defendants' unauthorized use of the Character infringes upon its copyrights. (Amended Complaint, para. 36). The Amended Complaints also provides detailed examples of the copying of constituent original elements of its copyrighted works, (Amended Compliant. Para. 19). The Amended Complaint includes side by side comparisons of Plaintiff's copyrighted works and screenshots from the Film. The comparisons plainly show substantial similarity. Moreover, the Amended Complaint alleges that Defendants outright copied the dialogue and look of a PRN copyrighted commercial. (para. 20).

The Amended Complaint also asserts that Plaintiff's holds a trademark registration granted by the USPTO in the trademark Miss Cleo. That the Mark was registered by PRN's subsidiary and assigned to PRN. That first use of the Mark relates back to 2000 and therefore predates Defendants' use of Plaintiff's Mark. That Defendants have profited off the brand of Miss Cleo and its ready-made audience for all things Miss Cleo. As such, Defendants have infringed upon the Mark under common and statutory law.

## 2. Justice requires and Courts favor amendments under Rule 15 to ensure cases are given fair opportunity to be determined on the merits and not procedural technicalities.

The second step in the analysis involves the more lenient standard of Rule 15. "[L]eave to amend should be freely granted when 'justice so requires.' (citations omitted) ("The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal

to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.' " (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) <u>Charter Communications, Inc.,</u> 254 [SDNY 2018]. Further, "[Parties] opposing a motion to amend ... bear the burden of establishing that an amendment would be futile". *Id* at 255, The Amended Complaint's allegations demonstrate that the claim is far from futile and addresses the need for more definitive allegations ran accord with the Court's Decision. Thus, the Amended Complaint satisfies the requirements of demonstrating ownership of valid copyrights and Defendants copying of original expressions from the copyrighted works.  Thus, Plaintiff respectfully requests the Court grant leave to file the amended complaint.

Dated:  September 22, 2025

                                                     Respectfully submitted,

By:   *s/ Joel R. Dichter*
       Joel R. Dichter
       Dichter Law, LLC
       483 Cherry Street
       Suite 100
       Bedford Hills, NY 10507
       Tel:  (212) 593-4202
       Fax: (212) 994-5394
       Email:  Dichter@dichterlaw.com

*Counsel for Plaintiff*
*Down To Earth Organics, LLC*