UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Psychic Readers Network, Inc.,

Plaintiff,

v.

A&E Television Networks LLC, et al.,

Defendants.

24-CV-8155 (DEH)

ORDER

DALE E. HO, United States District Judge:

Pursuant to the Court's July 31, 2026 order, the parties represent that there is continued disagreement as to whether the stay of discovery pending adjudication of the anticipated motion to dismiss is warranted in this matter.  ECF No. 86.  Plaintiff wishes the Court to lift its discovery stay, ECF No. 46, whereas Defendants argue that continuation of the stay on discovery is warranted for substantially similar reasons as originally provided.  That is, Defendants contend that the matter is likely to be disposed of, either in whole or in part, that the Plaintiff has expanded its copyright claims and that discovery remains "voluminous and expansive," and that Plaintiff has not identified any prejudice to staying discovery.

"Although, in general, a motion to dismiss does not automatically stay discovery, upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Federal Rule of Civil Procedure] 26(c)."  *Broccoli v. Ashworth*, No. 21 Civ. 6931, 2023 WL 6795232, at *1 (S.D.N.Y. Oct. 11, 2023) (quoting *K.A. v. City of New York*, No. 16 Civ. 4936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022)).  "The party seeking the stay—here, defendants—must establish good cause for the stay."  *K.A.*, 2022 WL 3996710, at *2.  "In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden

of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Id.*

In this case, Defendants have not yet filed any motion to dismiss, though they have indicated that one is forthcoming and that the arguments within said motion will build upon arguments Defendants have made in their Oppositions filed in response to Plaintiff's motions to amend. So the Court is familiar with the positions the parties are likely to take, and—without opining on the ultimate merits of any forthcoming motion to dismiss—concludes that the arguments Defendants will likely raise are sufficiently strong to justify a continuing stay of discovery pending disposition of the motion.

The Court further notes that the First Amended Complaint ("FAC") does not significantly reduce the burden of production on Defendants. Plaintiff's discovery request includes, among other things, 118 document requests, gross revenues from the film, including but not limited to from the production, distribution, licensing and online sales, as well as all of Defendants' agreements related to any claim of rights to utilize the Miss Cleo character in the film. ECF No. 46 at 2. Plaintiff does not provide any indication that its discovery request has been narrowed by the more narrow FAC. Accordingly, the Court's prior reasoning with respect to burden remains unchanged.

Relatedly, while the Court has repeatedly made clear that the only remaining copyright claim is with respect to the Take To Church commercial and the Miss Cleo character, Plaintiff's FAC is rather expansive with respect to its discussion of other copyrighted material. Accordingly, the Court's ruling on any motion to dismiss is likely to further clarify the scope of these claims. That is not to say that any decision will necessarily narrow the scope of the claims, but to emphasize that such an opinion may helpfully clarify the issues that remain live in this matter.

Finally, Plaintiff points to the risk of fading memories, lost documents, and unavailable witnesses as potential prejudice. The Court trusts that counsel for Defendants will adhere to their professional obligation to instruct their clients to preserve evidence.

For these reasons, discovery in this matter is **STAYED** pending resolution of the forthcoming motion to dismiss. Absent a motion for extension, the Court presumes such a motion will adhere to the timing requirements of Rule 12(a)(1)(A)(i).

SO ORDERED.

Dated: August 11, 2026
      New York, New York

                                    DALE E. HO
                         United States District Judge